UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGEL HERNANDEZ,

                                      Plaintiff,

-AGAINST-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN DOES 1 THROUGH 4, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES (THE NAME JOHN DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN),

                                      Defendant(s).

**ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK**

11-CV-2737 (SLT)(VVP)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant, City of New York ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the plaintiff's complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed and invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        3.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Admits the allegations set forth in paragraph "4" of the complaint.

5. Denies the allegations set forth in paragraph "5" of the complaint, except states that allegations concerning color of law constitute legal conclusions to which no response is required.

6. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff was in the Beverly Road Subway Station in Brooklyn, on or about May 5, 2009 at approximately 12:50 a.m.[1].

7. Denies the allegations set forth in paragraph "8" of the complaint.

8. Denies the allegations set forth in paragraph "9" of the complaint.

9. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff received treatment at Kings County Hospital.

10. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was arrested on charges of Assault in the Second Degree, Resisting Arrest, and Theft of Services.

11. Denies the allegations set forth in paragraph "12" of the complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was arraigned and transported to Riker's Island.

13. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was treated at Bellevue Hospital.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

15. Denies the allegations set forth in paragraph "16" of the complaint.

---

[1] Plaintiff's complaint does not include a paragraph "6".

16. Denies the allegations set forth in paragraph "17" of the complaint.

17. Denies the allegations set forth in paragraph "18" of the complaint.

18. Denies the allegations set forth in paragraph "19" of the complaint.

19. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "19" inclusive of its answer, as is fully set forth herein[2].

20. Denies the allegations set forth in paragraph "22" of the complaint.

21. Denies the allegations set forth in paragraph "23" of the complaint.

22. Denies the allegations set forth in paragraph "24" of the complaint.

23. Denies the allegations set forth in paragraph "25" of the complaint, except states that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

24. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "25" inclusive of its, as is fully set forth herein.

25. Denies the allegations set forth in paragraph "27" of the complaint.

26. Denies the allegations set forth in paragraph "28" of the complaint.

27. Denies the allegations set forth in paragraph "29" of the complaint.

28. Denies the allegations set forth in paragraph "30" of the complaint, except states that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

---

[2] Plaintiff's complaint does not include a paragraph "20"

29. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30" inclusive of its answer, as is fully set forth herein.

30. Denies the allegations set forth in paragraph "32" of the complaint.

31. Denies the allegations set forth in paragraph "33" of the complaint, except states that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

32. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "33" inclusive of its answer, as is fully set forth herein.

33. Denies the allegations set forth in paragraph "35" of the complaint.

34. Denies the allegations set forth in paragraph "36" of the complaint, except states that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

35. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36" inclusive of its answer, as is fully set forth herein.

36. Denies the allegations set forth in paragraph "38" of the complaint.

37. Denies the allegations set forth in paragraph "39" of the complaint.

38. Denies the allegations set forth in paragraph "40" of the complaint.

39. Denies the allegations set forth in paragraph "41" of the complaint, except state that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

40. Denies the allegations set forth in paragraph "42" of the complaint.

41. Denies the allegations set forth in paragraph "43" of the complaint.

42. Denies the allegations set forth in paragraph "44" of the complaint.

43. Denies the allegations set forth in paragraph "45" of the complaint.

44. Denies the allegations set forth in paragraph "46" of the complaint.

45. Denies the allegations set forth in paragraph "47" of the complaint, except states that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

46. Denies the allegations set forth in paragraph "48" of the complaint.

47. Denies the allegations set forth in paragraph "49" of the complaint.

48. Denies the allegations set forth in paragraph "50" of the complaint.

49. Denies the allegations set forth in paragraph "51" of the complaint.

50. Denies the allegations set forth in paragraph "52" of the complaint.

51. Denies the allegations set forth in paragraph "53" of the complaint, except states that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

52. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "53" inclusive of its answer, as is fully set forth herein.

53. Denies the allegations set forth in paragraph "55" of the complaint.

54. Denies the allegations set forth in paragraph "56" of the complaint.

55. Denies the allegation set forth in paragraph "57" of the complaint.

56. Denies the allegations set forth in paragraph "58" of the complaint.

57. Denies the allegations set forth in paragraph "59" of the complaint.

58. Denies the allegations set forth in paragraph "60" of the complaint.

59. In response to the allegations set forth in paragraph "61" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "60" inclusive of its answer, as is fully set forth herein.

60. Denies the allegations set forth in paragraph "62" of the complaint, except states that allegations concerning scope of employment constitute legal conclusions to which no response is required.

61. Denies the allegations set forth in paragraph "63" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

62. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

63. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

64. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of defendant City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

66.     Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

67.     Plaintiff may have failed to comply with conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

68.     Plaintiff may have failed to comply with the provisions of the New York City General Municipal Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

69.     Some of plaintiff's claims may be barred by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           September 29, 2011

>                        Michael A. Cardozo
>                        Corporation Counsel of the City of New York
>                        *Attorney for Defendant City of New York*
>                        100 Church Street Rm. 3-212
>                        New York, NY 10007
>
>                        By:            /s/
>                            Ryan G. Shaffer
>                            Assistant Corporation Counsel

To:    Christopher Wright, Esq. (By ECF)
       *Attorney for Plaintiff*

11-CV-2737 (SLT)(VVP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| ANGEL HERNANDEZ,<br><br>                Plaintiff,<br>     -AGAINST-<br><br>THE CITY OF NEW YORK ET AL.,<br><br>                Defendants. |
| **ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Ryan G. Shaffer*<br>*Tel:  (212) 788-1041*<br>*NYCLIS No. 2011-017943* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  .......................................... ,2011*<br><br>*.................................................................. Esq.*<br><br>*Attorney for ..........................................................* |