UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANGEL HERNANDEZ,

                Plaintiff,                **SCHEDULING ORDER**

      - v -

                                                  CV-11-2737 (SLT)(VVP)

THE CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------------------------x

**APPEARANCES:**

      Plaintiff:     Robert Marinelli, Esq.
      Defendants:  Ryan Shaffer, Esq.

The above numbered matter having been referred to the undersigned for pretrial supervision and the preparation of the scheduling order required by Rule 16(b) of the Federal Rules of Civil Procedure, and a scheduling conference having been held with the parties, the following schedule is hereby established:

1.     **FACTUAL DISCOVERY**

    a)    Initial disclosures required by Rule 26(a)(1) have been made;

    b)    All discovery of factual matters is to be completed by April 18, 2012;

    c)    No requests for admissions (other than admissions concerning the authenticity of documents), document requests or interrogatories may be propounded after March 18, 2012;

    d)    The above deadlines will not be extended unless the party seeking the extension makes a compelling showing that discovery could not be completed because of unforeseeable circumstances beyond that party's control.

2.     **EXPERT DISCOVERY**

    a)    Any party that will seek to introduce expert testimony in its case-in-chief shall identify each expert by name and area of expertise no later than March 1, 2012.  **Treating physicians and other providers of medical or psychotherapeutic services are considered experts under this order,**

      **regardless of the nature of their testimony, and therefore must be identified by the deadline if they will be called to testify;**

b)    All disclosures required by Rule 26(a)(2) with respect to case-in-chief experts shall be provided by May 9, 2012 **(NB: treating physicians and other providers of medical or psychotherapeutic services need only make the disclosures required by Rule 26(a)(2)(C) if their treatment was obtained without a referral from counsel and their testimony will be limited to their diagnoses and treatment of the plaintiff's injuries);**

c)    As to experts who will be called solely to rebut expert testimony offered by other parties, all disclosures required by Rule 26(a)(2) shall be provided by June 9, 2012;

d)    Depositions of experts may be taken at any time provided they are completed at least 30 days before trial.

**3. MOTIONS**

a)    Motions to compel discovery or to resolve other non-dispositive pretrial disputes shall be made by letter in accordance with Local Civil Rule 37.3. No such motion will be entertained without a written certification that counsel have attempted to confer in good faith either by telephone or in person in an effort to resolve the dispute. **All such motions shall be made promptly after the dispute has arisen and no later than ten days after the expiration of the factual discovery deadline;**

b)    The plaintiff is granted leave to file and serve an amended complaint within 60 days naming additional police officers as defendants. Motions to join additional parties, whether by amended or third-party complaint, are not otherwise contemplated;

c)    Motions to amend pleadings to add claims or defenses shall be filed by January 18, 2012;

d)    The deadline for requesting a premotion conference for making dispositive motions is May 9, 2012. Any such motions shall be addressed to, and shall be made in accordance with the individual rules of practice of, the judge to whom the case is then assigned for trial.

4. **CONFERENCES AND OTHER MATTERS**

 a) A status conference will be held by telephone on **January 20, 2012 at 3:15 p.m.**, to be initiated by counsel for the plaintiff (Chambers: 718-613-2400);

 b) A pretrial conference will be held before the undersigned on **a date to be scheduled**. A pretrial order, signed by counsel for all parties, shall be presented to the court at the pretrial conference. The pretrial order must comply with the requirements of the trial judge then assigned to the case;

 c) The pretrial order shall be prepared as follows: not later than 20 calendar days before the pretrial conference, the plaintiff shall serve a working draft of the pretrial order on all parties; not later than 10 calendar days before the pretrial conference, all other parties shall serve working counter-drafts of the pretrial order on all parties; not later than 3 calendar days before the pretrial conference all parties shall meet and confer at the office of counsel for the defendants to complete the final pretrial order;

 d) <u>As meaningful settlement discussions will occur at the pretrial conference, clients or other persons with full settlement authority must be available by telephone</u>. In addition, not later than two weeks before the conference, the plaintiff shall communicate a demand for settlement in writing to counsel for the defendants.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
October 18, 2011