UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ANGEL HERNANDEZ,

Plaintiff,

-AGAINST-

THE CITY OF NEW YORK, POLICE OFFICER IVAN
TORRES (SHIELD #13032), POLICE OFFICER JOTWO
EDWARDS (SHIELD #20181) AND POLICE OFFICERS
JOHN DOE 1-2,

Defendant(s).

------------------------------------------------------------------------- x

**ANSWER TO PLAINTIFF'S
FIRST AMENDED
COMPLAINT ON BEHALF
OF DEFENDANTS THE
CITY OF NEW YORK, IVAN
TORRES, AND JOTWO
EDWARDS**

11-CV-2737 (SLT)(VVP)

JURY TRIAL DEMANDED

Defendants, City of New York ("City"), Ivan Torres ("Torres"), and Jotwo Edwards ("Edwards"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the plaintiff's first amended complaint (hereinafter "complaint"), respectfully alleges, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to base venue as stated therein.

3.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4.      Admit the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except state that allegations concerning color of law constitute legal conclusions to which no response is required.

6. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except state that allegations concerning color of law constitute legal conclusions to which no response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff was in the Beverly Road Subway Station in Brooklyn, on or about May 5, 2009 at approximately 12:50 a.m.[1].

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff received treatment at Kings County Hospital.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was arrested on charges of Assault in the Second Degree, Resisting Arrest, and Theft of Services.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was arraigned, bail was set, and that he was transported to Riker's Island.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was treated at Bellevue Hospital.

---

[1] Plaintiff's complaint does not include a paragraph "6".

15.    Deny the allegations set forth in paragraph "15" of the complaint, except admit that the charges against plaintiff were dismissed.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "19" inclusive of their answer, as is fully set forth herein[2].

21.    Deny the allegations set forth in paragraph "22" of the complaint.

22.    Deny the allegations set forth in paragraph "23" of the complaint.

23.    Deny the allegations set forth in paragraph "24" of the complaint.

24.    Deny the allegations set forth in paragraph "25" of the complaint, except state that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

25.    In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" inclusive of their, as is fully set forth herein.

26.    Deny the allegations set forth in paragraph "27" of the complaint.

27.    Deny the allegations set forth in paragraph "28" of the complaint.

28.    Deny the allegations set forth in paragraph "29" of the complaint.

---

[2] Plaintiff's complaint does not include a paragraph "20"

29.     Deny the allegations set forth in paragraph "30" of the complaint, except state that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

30.     In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "30" inclusive of their answer, as is fully set forth herein.

31.     Deny the allegations set forth in paragraph "32" of the complaint.

32.     Deny the allegations set forth in paragraph "33" of the complaint, except state that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

33.     In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "33" inclusive of their answer, as is fully set forth herein.

34.     Deny the allegations set forth in paragraph "35" of the complaint.

35.     Deny the allegations set forth in paragraph "36" of the complaint, except state that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

36.     In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "36" inclusive of their answer, as is fully set forth herein.

37.     Deny the allegations set forth in paragraph "38" of the complaint.

38.     Deny the allegations set forth in paragraph "39" of the complaint.

39.     Deny the allegations set forth in paragraph "40" of the complaint.

40.     Deny the allegations set forth in paragraph "41" of the complaint, except states that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

41.     Deny the allegations set forth in paragraph "42" of the complaint.

42.     Deny the allegations set forth in paragraph "43" of the complaint.

43.     Deny the allegations set forth in paragraph "44" of the complaint.

44.     Deny the allegations set forth in paragraph "45" of the complaint.

45.     Deny the allegations set forth in paragraph "46" of the complaint.

46.     Deny the allegations set forth in paragraph "47" of the complaint, except state that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

47.     Deny the allegations set forth in paragraph "48" of the complaint.

48.     Deny the allegations set forth in paragraph "49" of the complaint.

49.     Deny the allegations set forth in paragraph "50" of the complaint.

50.     Deny the allegations set forth in paragraph "51" of the complaint.

51.     Deny the allegations set forth in paragraph "52" of the complaint.

52.     Deny the allegations set forth in paragraph "53" of the complaint, except state that allegations concerning direct and proximate cause constitute legal conclusions to which no response is required.

53.     In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "53" inclusive of thier answer, as is fully set forth herein.

54.     Deny the allegations set forth in paragraph "55" of the complaint.

55.     Deny the allegations set forth in paragraph "56" of the complaint.

56.     Deny the allegation set forth in paragraph "57" of the complaint.

57.     Deny the allegations set forth in paragraph "58" of the complaint.

58.     Deny the allegations set forth in paragraph "59" of the complaint.

59.     Deny the allegations set forth in paragraph "60" of the complaint.

60.     In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "60" inclusive of their answer, as is fully set forth herein.

61.     Deny the allegations set forth in paragraph "62" of the complaint, except state that allegations concerning scope of employment constitute legal conclusions to which no response is required.

62.     Deny the allegations set forth in paragraph "63" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

62.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

63.  Defendants City, Torres, and Edwards have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

64.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of defendants City, Torres, or Edwards.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

65.     At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

66.      Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

67.     Plaintiff may have failed to comply with conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

68.      Plaintiff may have failed to comply with the provisions of the New York City General Municipal Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

69.     Some of plaintiff's claims may be barred by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

70.     Defendants Torres and Edwards have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and are therefore protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

71.     At all times relevant to the acts alleged in the Complaint, defendants Torres and Edwards acted reasonably in the proper and lawful exercise of their discretion.

- 8 -

**WHEREFORE,** defendants City of New York, Ivan Torres, and Jotwo Edwards

request judgment dismissing the Complaint in its entirety, together with the costs and

disbursements of this action, and such other and further relief as the Court may deem just and

proper.

Dated:          New York, New York
                December 5, 2011

                                        Michael A. Cardozo
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street Rm. 3-212
                                        New York, NY 10007


                                 By:    _____/s/_____
                                        Ryan G. Shaffer
                                        Assistant Corporation Counsel


To:     Christopher Wright, Esq. (By ECF)
        *Attorney for Plaintiff*

11-CV-2737 (SLT)(VVP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| ANGEL HERNANDEZ,<br><br>            Plaintiff,<br>     -AGAINST-<br><br>THE CITY OF NEW YORK ET AL.,<br><br><br>            Defendants. |
| <br><br><br>**ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Ryan G. Shaffer*<br>*Tel:  (212) 788-1041*<br>*NYCLIS No. 2011-017943* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ......................................... ,2011*<br><br>*..................................................................... Esq.*<br><br>*Attorney for ........................................................* |